IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 0:05-499-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Rodrick Delane Williams, a/k/a "Boo Loo," ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's motion for relief pursuant to 28 U.S.C. § 2255. The court held an evidentiary hearing in this case on July 22, 2009. Defendant was present and represented by counsel. After considering the parties' arguments and the evidence, the court **denies** Defendant's motion for relief pursuant to 28 U.S.C. § 2255 for the reasons discussed below.

## BACKGROUND

The issue before the court is whether Defendant's conviction for violation of S.C. Code § 56-5-750, failure to stop for a blue light ("FTSBL"), is a "violent felony" and thus a predicate offense requiring a fifteen-year mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The court reviews the relevant law before turning to the facts of Defendant's case.

In *Begay v. United States*, 553 U.S. ___, 128 S. Ct. 1581 (2008), the Supreme Court held that New Mexico's felony offense of driving under the influence of alcohol is not a violent felony within the meaning of the ACCA. The Supreme Court ruled that "for purposes of the [ACCA], a prior record of DUI, a strict liability crime, differs from a prior record of violent and aggressive crimes committed intentionally such as arson, burglary, extortion, or crimes involving the use of explosives. The latter are associated with a likelihood of future violent, aggressive, and purposeful 'armed career

1

criminal' behavior in a way that the former are not." *Begay*, 553 U.S. at \_\_\_\_, 128 S. Ct. at 1588.

Thereafter, the Fourth Circuit decided *United States v. Roseboro*, 551 F.3d 226 (4th Cir. 2009). In *Roseboro*, the Fourth Circuit reexamined its prior holding in *United States v. James*, 337 F.3d 387 (4th Cir. 2003) that the South Carolina offense of failure to stop for a blue light is always a violent felony under the residual clause of § 924(e). The Fourth Circuit found that its previous holding in *James* could not survive *Begay*. *Roseboro*, 551 F.3d at 228. The *Roseboro* court concluded that the South Carolina FTSBL statute is "categorically overbroad" as it allows conviction for both intentional and unintentional conduct. *Id*. at 240. Finding that it was not clear whether Roseboro's prior South Carolina FTSBL convictions involved intentional or unintentional conduct, the Fourth Circuit remanded the case "to allow [ ] the district court to consult such additional materials as may be appropriate . . . and determine from those materials whether these convictions involved intentional violations of § 56-5-750(A)." *Id*. The Fourth Circuit reaffirmed, however, that even post- *Begay*, "[t]he intentional act of disobeying a law enforcement officer by refusing to stop for his blue light signal, without justification, is inherently an aggressive and violent act, and therefore, a violent felony under the ACCA." *Id*.

In *Roseboro*, the Fourth Circuit found it appropriate to consult certain documents underlying a FTSBL conviction because South Carolina's FTSBL statute covers both unintentional and intentional conduct, which indicates that some crimes are "crimes of violence and others are not." *Roseboro*, 551 F.3d at 230 n.3 (citing *United States v. Diaz-Ibarra*, 522 F.3d 343, 348 (4th Cir. 2008)) (internal citation omitted). In describing this "modified categorical approach," the *Roseboro* court reiterated that courts may consult the terms of the charging document, the terms of a plea agreement or transcript of the colloquy between judge and defendant in which the factual basis of the plea was confirmed by the defendant, or some comparable judicial record of this information.

2

*Id.* (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)).

Post *Roseboro*, South Carolina district courts have struggled with FTSBL convictions under the ACCA and the career offender guidelines, which the Fourth Circuit has previously found to require similar analysis of FTSBL convictions.[1]

The Government has generally argued that if the state court indictment contains the language "willful" and/or "intentional," *Roseboro* requires that the court treat the prior FTSBL conviction as a violent felony under the ACCA. If there are no such words in the indictment, the Government generally concedes the offense is not a violent felony. District courts have noted, and the Government has agreed, that often the language in the indictment is based on standard forms used in the state prosecutors' offices, and does not depend on whether the FTSBL offense was intentional or negligent. Because the statute is a strict liability offense, there is no requirement that the prosecutor charge a "willful" or "intentional" violation, and such language is surplusage if it is used. Nevertheless, in an effort to follow *Roseboro*, most district judges have found prior FTSBL convictions to be violent felonies if the words "willful" or "intentional," or both, are contained in the state court indictment.

Appeals to the Fourth Circuit are currently pending in at least seven (7) such cases from South Carolina.[2] *See United States v. Rivers*, D.S.C. Cr. No. 2:07-304-DCN (4th Cir. No. 09-4336);

---

[1] "Since the language defining a violent felony in § 924(e) is nearly identical to and materially indistinguishable from the language defining a crime of violence in [Guidelines] § 4B1.2, we look to our case law interpreting both sections when examining whether a prior crime falls within these sections." *United States v. Johnson*, 246 F.3d 330, 333 n.5 (4th Cir. 2001).

[2] An eighth case, *United States v. Bazen*, D.S.C. Cr. No. 4:06-689-RBH (4th Cir. No. 07-4555), was remanded from the United States Supreme Court in light of *Begay*. The Government sought remand to the district court for further fact-finding; Defendant has filed opposition to the motion, arguing that *Roseboro* is incomplete and in error. This motion is currently pending in the Fourth Circuit.

*United States v. Robinson*, D.S.C. Cr. No. 3:07-1247-JFA (4th Cir. No. 09-4566); *United States v. Judon*, D.S.C. Cr. No. 2:08-910-PMD (4th Cir. No. 09-4293); *United States v. Flowers*, D.S.C. Cr. No. 3:06-558-MBS (4th Cir. No. 09-4367); *United States v. Foster*, D.S.C. Cr. No. 7:07-711-HFF (4th Cir. No. 09-4264); *United States v. Samuels*, D.S.C. Cr. No. 4:08-183-RBH (4th Cir. No. 09-4346); and *United States v. Craig* (HMH).[3]

Two district judges have declined to rely on such indictment language to find FTSBL offenses violent felonies. *See United States v. Johnson*, D.S.C. Cr. No. 2:07-1121-DCN (Amended Order filed August 24, 2009, Dkt. # 82), and *United States v. Wright*, D.S.C. Cr. No. 9:07-418-SBJr. To date, the Government has not appealed any adverse rulings.

## FACTS

On July 19, 2005, Defendant entered a guilty plea to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Defendant's Presentence Report (PSR) identified three prior state convictions as qualifying predicate offenses requiring a fifteen-year mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). One of Defendant's state convictions was for violation of S.C. Code § 56-5-750, failure to stop for a blue light ("FTSBL"). Defendant's other conviction was for possession with intent to distribute "crack" cocaine, for which he had been sentenced under the South Carolina Youthful Offender Act ("SCYOA"), S.C. Code § 24-19-50.

On February 2, 2006, Defendant appeared for sentencing. Defendant argued that these two prior state convictions were not qualifying predicate offenses invoking the mandatory minimum fifteen-year sentence of imprisonment under § 924(e). The court overruled Defendant's objections,

---

[3] This appeal is not a direct criminal appeal, but rather is from denial of a motion for relief under § 2255.

4

found him to be an armed career criminal under 18 U.S.C. § 924(e), and sentenced Defendant to 180 months' imprisonment.

Defendant filed a timely notice of appeal to the Fourth Circuit Court of Appeals. On appeal, Defendant argued that his prior conviction for possession with intent to distribute "crack" cocaine was not a "serious drug offense" within the meaning of the ACCA because he had been sentenced under the SCYOA. Defendant did not, however, pursue any argument on appeal relating to his conviction for FTSBL. *United States v. Williams*, 508 F.3d 724, 726 n.2 (4th Cir. 2007). On November 15, 2007, the Fourth Circuit affirmed Defendant's conviction and sentence. *Id*. at 731. On January 30, 2008, Defendant filed a petition for writ of certiorari in the United States Supreme Court, which was denied on May 27, 2008. *Williams v. United States*, 553 U.S. ___, 128 S. Ct. 2501 (2008).

On March 13, 2009, proceeding *pro se*, Defendant filed the instant § 2255 motion, asserting that he is not an armed career criminal under § 924(e) because his prior South Carolina conviction for FTSBL is not a violent felony under the residual clause of § 924(e).[4] On June 2, 2009, the court appointed Joshua Kendrick, Esquire, as counsel for Defendant, ordered the parties to brief certain issues, and set an evidentiary hearing. Defendant, through counsel, filed a memorandum requesting re-sentencing, arguing that he is "actually innocent" of the ACCA enhancement because *Roseboro* precludes a finding that his South Carolina FTSBL conviction is a violent felony. Defendant maintained that his state court indictment did not charge willful or intentional conduct.

The Government thereafter procured a copy of the state court plea colloquy transcript from

---

[4] Defendant's motion was received by the Clerk for filing on March 16, 2009. However, the envelope is stamped as having been received by prison officials on March 13, 2009. *See* Dkt. # 44-10). Under *Houston v. Lack*, 487 U.S. 266 (1988), Defendant's motion is deemed filed the date he gave it to prison officials for mailing.

Defendant's FTSBL conviction in which Defendant assented to the state prosecutor's characterization of his failure to stop as willful and intentional. The Government argued that Defendant is not "actually innocent" of being an armed career criminal because his admitted conduct was in fact willful and intentional.

## DISCUSSION

Defendant did not present any issue relating to his South Carolina FTSBL conviction in his direct appeal. Therefore, he must show either cause and prejudice or actual innocence for this court to consider this § 2255 motion. *Bousley v. United States*, 523 U.S. 614, 622 (1998). The Fourth Circuit has held a defendant who should not have been subject to a sentence enhancement is "actually innocent" of that enhancement and can proceed on a § 2255 motion despite a procedural default. *United States v. Maybeck*, 23 F.3d 888, 891 (4th Cir. 1994). Therefore, in order to be "actually innocent" of the ACCA enhancement, Defendant must show that his South Carolina FTSBL conviction is not a violent felony under the residual clause of § 924(e). Defendant must make this showing by clear and convincing evidence. *See United States v. Mikalajunas*, 186 F.3d 490, 493-94 (4th Cir. 1999) (citing *Sawyer v. Whitley*, 505 U.S. 333, 350 (1992); *Murray v. Carrier*, 488 U.S. 478, 496 (1986)), *overruled in part on other grounds by Dretke v. Haley*, 541 U.S. 386 (2004).

Defendant argues that the court should not consider the state court plea transcript in determining whether his FTSBL conviction is a violent felony under § 924(e). However, as explained in *Roseboro*, the court may consider the terms of the charging document, the terms of a plea agreement or transcript of a plea colloquy, or some comparable judicial record. 551 F.3d at 230 n.3.

The record contains three documents related to Defendant's FTSBL conviction: (1) the

indictment, (2) the sentencing sheet, and (3) the plea transcript. The indictment states: "That Roderick [sic] D. Williams did in York County on or about February 8, 2000, unlawfully fail to stop while driving a motor vehicle . . . after being signaled so to do with a flashing light and/or siren." Attachment F to Mot. for Relief (Dkt. # 44-8, filed Mar. 17, 2009). The state court sentencing sheet reflects Defendant pleaded guilty "as indicted." Attachment G to Mot. for Relief (Dkt. # 44-9, filed Mar. 17, 2009). Neither of these documents answers whether this conviction involved intentional conduct and is thus a violent felony under *Roseboro*.

On the other hand, the guilty plea transcript's recitation of facts presented by the Assistant Solicitor indicates Defendant's FTSBL conviction involved intentional conduct. The guilty plea transcript dated July 24, 2000, contains the following exchange:

> [Assistant Solicitor:] On February 8 of this year [2000] Officer George of the Rock Hill Police Department tried to stop the defendant for driving with a suspended license tag in on [sic] Cherry Road in Rock Hill, York County.
> 
> Officer George engaged his blue light and the defendant accelerated, and continued to flee for several blocks while Officer George pursued him, and the siren was engaged. The Defendant drove onto the grassy area behind a building on Chandler Drive and moved toward the officer's vehicle, causing the two to collide, causing nominal damage, on the driver's side. . .
> 
> [Court:] Do you agree with all that?
> 
> [Defendant:] Yes, sir.

Attachment to Government's Supplemental Memo. in Opp'n at 5-6 (Dkt. # 63-2, filed July 1, 2009).

Despite the contents of the transcript, Defendant argues that South Carolina's FTSBL offense is not the type of offense which should be considered a violent felony under the ACCA. Defendant relies on *Begay*'s directive that a crime should not be considered a violent felony if it is not sufficiently similar to the type of crimes enumerated in § 924(e)(2)(B)(ii). *See Begay*, 553 U.S. at ___, 128 S. Ct. at 1584 ( "[DUI] is simply too unlike the [clause] provision's listed examples for us

7

to believe that Congress intended the [residual] provision to cover it."). Defendant takes the position that the crime of FTSBL is not similar "in kind as well as in degree of risk posed," *id*. at 1585, to the crimes enumerated in 18 U.S.C. § 924(e)(2)(B)(ii) to be a violent felony.

Defendant's argument is precluded by the panel majority's conclusion in *Roseboro* that a South Carolina FTSBL offense, if intentional, is a violent felony under the ACCA. *Roseboro*, 551 F.3d at 240 (remanding the case "to allow for the district court to consult such additional materials as may be appropriate under *Taylor* and *Shepard* and determine from those materials whether these convictions involved intentional violations" of the FTSBL statute).

In most South Carolina FTSBL cases, transcripts of plea colloquies are not available. In the instant case, the Government was able to locate the transcript. Without this transcript, the Government was prepared to concede that Defendant's FTSBL conviction was not a violent felony due to a failure of the indictment to mention willful or intentional conduct. The transcript, however, does in fact reflect willful and intentional conduct.

Accordingly, the court, following what it interprets to be the Fourth Circuit's direction in *Roseboro*, finds that Defendant's FTSBL conduct was intentional and that he has failed to show, by clear and convincing evidence, that he is "actually innocent" of a violent felony under the ACCA.[5]

## CONCLUSION

Based upon the Fourth Circuit's opinion in *Roseboro*, Defendant's motion for relief

---

[5] This court is of the view that in practice, *Roseboro* has produced incongruous, inconsistent, and unfair results. This is due to limited state court records and the fortuitous circumstance of indictment language used in charging South Carolina FTSBL cases. Moreover, this court, with all due respect, is of the view that the South Carolina FTSBL statute is a strict liability statute which is not categorically overbroad, does not permit a modified categorical approach, and is not roughly similar in kind, as well as in degree of risk posed, to the crimes enumerated in § 924(e)(2)(B)(ii).

8

under § 2255 is denied and this action is dismissed with prejudice.

**IT IS SO ORDERED.**

    s/ Cameron McGowan Currie
    CAMERON MCGOWAN CURRIE
    UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 26, 2009